UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| REGINALD WINANS | CIVIL ACTION NO. 23-1726 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL K. MCKAY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is Plaintiff Reginald Winans's ("Winans") Motion to Dismiss Defendant Michael K. McKay's ("McKay") counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Document 11. McKay opposed. See Record Document 13. Winans did not reply. For the reasons stated below, Winans's Motion to Dismiss is **DENIED**.

**BACKGROUND**

Winans, appearing pro se, filed this "[p]etitory real action pursuant to Louisiana Code of Civil Procedure Article 3561" seeking "damages for the unauthorized use and possession of [his] patented land and the possible engagement of timber and/or oil and gas operations…." See Record Document 1 at 1–2. Winans claims he is "a direct heir of patentee, Monroe Phil ["Mr. Phil"]…[which] proves that [his] title is good against the world…." See id. at 2. He alleges that McKay "is in actual possession of the…private, patented land without any right, lawful title or interest, depriving [him] of possession thereof, for which damages amounting to over $75,000 dollars…." See id. at 3.

McKay answered Winans's Complaint and asserted a counterclaim against him. See Record Document 7. McKay denies that Winans is entitled to any relief, in any form.

See id. at 1. He points out that Winans has admitted McKay is in actual, open, corporeal possession of the property. See id. at ¶ 25. Additionally, McKay submits that he has shown that his possession of the property has existed for a period in excess of ten years and has at all times pertinent been continuous, uninterrupted, peaceable, public, and unequivocal, with just title, and in good faith. See id.

McKay asserts that the official records of Caddo Parish, Louisiana reflect that Winans's alleged ancestor, Mr. Phil, acquired the property by grant from the United States on April 18, 1914. See id. at ¶ 31. McKay provides that the official records of Caddo Parish reflect that Mr. Phil and his wife, Everline Bryant Phil ("Mrs. Phil"), later conveyed a portion of the property by deed recorded on January 9, 1928. See id. at ¶ 32. After Mrs. Phil's death, her children were placed into possession of her remaining undivided one-half interest in the property. See id. at ¶ 33. Thereafter, Mr. Phil and the children's interests were conveyed by act of Sheriff's Sale in 1931. See id. at ¶ 34–35. McKay states that as a result of these conveyances, the public records reflect that Mr. Phil and any other alleged ancestors were divested of their entire interest in the property no later than November 30, 1931, and thus, no longer maintain any ownership interest. See id. at ¶ 36.

McKay alleges that he and his ex-wife purchased the property by cash sale deed on September 28, 2006, and recordation took place that same day in Conveyance Book 3889, Page 400 under Registry No. 2059790, Records of Caddo Parish, Louisiana. See id. at ¶ 37. After their purchase, McKay and his ex-wife subdivided the property, constructed a residence and other improvements on the property, and moved into the residence. See id. at ¶ 38. As part of the partition on their former community property

regime, McKay's ex-wife conveyed her interest in the property to McKay by deed in the spring of 2017. See id. at ¶ 39. This conveyance was recorded on June 5, 2017. See id.

McKay claims he has resided in the residence continuously for a period exceeding ten years. See id. at ¶ 40. He argues Winans has failed to state a claim upon which relief may be granted. See id. at ¶ 42. Furthermore, McKay asserts that Winans's claims are barred by applicable statue(s) of limitations, liberative and acquisitive prescription, and/or the doctrine of laches. See id. at ¶ 43.

In 2023, McKay discovered that Winans had filed a document titled "Louisiana Quit Claim Deed" by which he declared himself an heir of Mr. Phil and conveyed the property unto himself. See id. at ¶ 46. McKay submits that the "Louisiana Quit Claim Deed" constitutes a disturbance in law to his possession of the property. See id. at ¶ 47. Therefore, along with dismissal of Winans's claims, McKay argues he is entitled to a judgment declaring that Winans has no ownership interest in the property or any portion thereof. See id. at ¶ 48. Furthermore, McKay requests that the Court direct the erasure and cancellation from the Caddo Parish public records the quit claim deed and any other act of Winans that asserts a right of ownership and/or possession of any portion of the property. See id.

## LAW AND ANALYSIS

### I. Pleading and Dismissal Standards.

Federal Rule of Civil Procedure 8(a)(2) governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos Cnty., Tex., 981 F. 2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standards to survive such a motion. See id. at 678–79, 1949–50. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

**II. Summary of Arguments.**

In his Motion, Winans argues he has perfect title to the property. See Record Document 11 at 7. He contends McKay "ha[s] no right previous to subject land patent." See id. at 8. Winans asserts that he "was under the reasonable belief and knowledge that

4

[he was the] owner of perfect title and was not acting maliciously when [he] record[ed] said Louisiana Deed on September 27, 2023." See id. He submits that McKay's allegation that he has no ownership interest in any portion of the property "is meritless and has no basis at law." See id.

McKay opposes, arguing that Winans's fails to address the applicability of the Rule 12(b)(6) standards to his counterclaim. See Record Document 13 at 1. He contends that Winans merely repeats his argument that he is an heir of Mr. Phil and therefore owns the land. See id. McKay submits that his counterclaim sets forth a cause of action under Louisiana law for both a possessory action and an action to quiet title. See id. at 3. Thus, McKay argues the instant Motion should be denied. See id. at 4. In the alternative, he requests leave of Court to amend his counterclaim to cure any deficiency. See id.

**III. Analysis.**

    (a) Possessory Action.

Louisiana law defines a possessory action as "an action 'brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.'" Franks Inv. Co., LLC v. Union Pac. R.R. Co., No. 08-0097, 2011 WL 6157484, at *2 (W.D. La. June 14, 2011) (quoting LA. CODE CIV. P. art. 3655). A successful possessory action requires a litigant to prove the following four elements:

> (1) He had possession of the immovable property or real right therein at the time the disturbance occurred;

5

> (2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
>
> (3) The disturbance was one in fact or law, as defined in Article 3659; and
>
> (4) The possessory action was instituted within a year of the disturbance.

Id. (quoting LA. CODE CIV. P. art. 3658). Under Article 3659, a disturbance in law includes the following:

> (1) The execution, recordation, or registry, after the possessor or his ancestors in title acquired the right to possess, of any instrument that asserts or implies a right of ownership or right to the possession of the immovable property or a real right therein.
>
> (2) The continuing existence of record of any instrument that asserts or implies a right of ownership or right to the possession of the immovable property or a real right therein, unless the instrument was recorded before the possessor and his ancestors in title commenced possession.
>
> (3) Any other claim or pretension of ownership or right to the possession of the immovable property or a real right therein, whether written or oral, except when asserted in an action or proceeding.

LA. CODE CIV. P. art. 3659(C).

The Court finds that McKay has successfully pled all four elements of a possessory action in his counterclaim. As to the first and second elements, McKay has sufficiently alleged that he has been in peaceful corporeal possession for over ten years. See Record Document 7 at ¶¶ 25, 40, 41. He provides names, dates, and cites to specific records in Caddo Parish that verify his allegation. See id. at ¶¶ 31–41. With respect to the third element, Winans's "Louisiana Quit Claim Deed" qualifies as a disturbance in law because it is an instrument that asserts a right of ownership over the disputed immovable property. See id. at ¶ 46. In regard to the fourth element, McKay claims the disturbance in law

6

occurred on September 27, 2023, and he asserted his counterclaim on March 21, 2024, within one year of the disturbance. See id. He provides sufficient evidence to support this allegation, which the Court accepts as true. At the pleading stage, McKay's counterclaim successfully alleges all four elements of a possessory action. Winans's conclusory statement that McKay's arguments are meritless does not support the dismissal of his counterclaim.

(b) Action to Quiet Title.

Four elements must be met to successfully assert an action to quiet title: "'(1) Claim of ownership; (2) Existence of clouds; (3) Description of property; and (4) Prayer for cancellation of the clouds.'" Janolkar v. Wells Fargo Mortg., Inc., No. 12-216, 2012 WL 5364246, at *2 (M.D. La. Oct. 31, 2012). See Spencer v. James, 42,168, p. 9 (La. App. 2d Cir. 5/9/07), 955 So. 2d 1287, 1293; Harrison v. Alombro, 341 So. 2d 1165 (La. App. 1st Cir. 1976); Parker v. Machen, 567 So. 2d 739 (La. App. 2d Cir. 9/26/90). "Generally, a cloud on title is produced by an invalid instrument or voidable conveyance that is associated with the title, and '[i]t is enough that the invalidity does not appear upon its [] face….'" Id. "[A] cloud on title may exist when the title is unmerchantable or suggestive of litigation and 'questionable' as to whether there is a clear title." Id.

The Court finds that McKay has successfully pled all four elements necessary to assert action to quiet title in his counterclaim. With respect to the first element, McKay claims his ownership over the property began in 2006 by a cash sale deed that was recorded in the conveyance records of Caddo Parish. See Record Document 7 at ¶ 37. He gives names, dates, and even cites to the specific record that conveyed ownership to him. See id. at ¶¶ 37–40. He has sufficiently pled the first element.

7

As to the second element, McKay alleges a cloud exists on the property when Winans filed and recorded a "Louisiana Quit Claim Deed" that attempted to convey ownership unto him. See id. at ¶ 46. This quit claim deed qualifies as a cloud on the title under Louisiana law; thus, his allegation is sufficient to plead the second element. Regarding the third element, McKay provides the following description of the property: "the North Half of the southeast Quarter of Section 18, Township 16 North, Range 13 West, Caddo Parish, Louisiana, less the West twenty-five (25') feet thereof which is dedicated for Wallace Lake Road, containing 70 acres, more of less…." See id. at ¶ 3. He has provided a sufficient description of the property.

With respect to the fourth and final element, McKay requests an erasure and cancellation from the Caddo Parish public records of Winans's "Louisiana Quit Claim Deed" recorded on September 27, 2023 and any other act of Winans that asserts a right of ownership and/or possession of any portion of the property. See id. at ¶ 48. This prayer for relief is sufficient to meet the fourth and final element. At this stage of the proceeding, McKay's counterclaim successfully pleads all four elements of an action to quiet title. Winans's conclusory statement that McKay's arguments are meritless does not support the dismissal of his counterclaim.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Winans's Motion to Dismiss McKay's counterclaim (Record Document 11) is **DENIED**. McKay has sufficiently pled all the necessary elements for both

a possessory action and an action to quiet title. Winans has failed to put forth sufficient arguments supporting dismissal.

An Order accompanying this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 5th day of March, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE