UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| REGINALD WINANS | CIVIL ACTION NO. 23-1726 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL K. MCKAY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Michale M. McKay's ("McKay") Motion for Summary Judgment. See Record Document 18. Specifically, McKay moves for (1) dismissal of Reginald Winans's ("Winans") claims with prejudice and (2) erasure and cancellation from the Conveyance Records of Caddo Parish of that certain "Louisiana Quit Claim Deed" from Winans to himself recorded on September 27, 2023, under Registry No. 2944885, Records of Caddo Parish, Louisiana and any other act of Winans purporting to assert a right of ownership and/or possession of the Property, or any portion thereof. See id. at 2. Winans opposed. See Record Document 22. McKay replied. See Record Document 23. For the reasons stated below, McKay's Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

Winans, appearing pro se, filed this "[p]etitory real action pursuant to Louisiana Code of Civil Procedure Article 3561" seeking "damages for the unauthorized use and possession of [his] patented land ["the Property"] and the possible engagement of timber and/or oil and gas operations…." See Record Document 1 at 1–2. Winans claims he is "a direct heir of patentee, Monroe Phil ["Mr. Phil"]…[which] proves that [his] title is good against the world…." See id. at 2. He alleges that McKay "is in actual possession of [the

Property] without any right, lawful title or interest, depriving [him] of possession thereof, for which damages amounting to over $75,000 dollars….." See id. at 3.

McKay answered Winans's Complaint and asserted a counterclaim against him. See Record Document 7. McKay denies that Winans is entitled to any relief, in any form. See id. at 1. He points out that Winans has admitted McKay is in actual, open, corporeal possession of the Property. See id. at ¶ 25. Additionally, McKay submits that he has shown that his possession of the Property has existed for a period in excess of ten years and has at all times pertinent been continuous, uninterrupted, peaceable, public, and unequivocal, with just title, and in good faith. See id.

McKay asserts that the official records of Caddo Parish, Louisiana reflect that Winans's alleged ancestor, Mr. Phil, acquired the Property by grant from the United States on April 18, 1914. See id. at ¶ 31. McKay provides that the official records of Caddo Parish reflect that Mr. Phil and his wife, Everline Bryant Phil ("Mrs. Phil"), later conveyed a portion of the Property by deed recorded on January 9, 1928. See id. at ¶ 32. After Mrs. Phil's death, her children were placed into possession of her remaining undivided one-half interest in the Property. See id. at ¶ 33. Thereafter, Mr. Phil and the children's interests were conveyed by act of Sheriff's Sale in 1931. See id. at ¶ 34–35. McKay states that as a result of these conveyances, the public records reflect that Mr. Phil and any other alleged ancestors were divested of their entire interest in the Property no later than November 30, 1931, and thus, no longer maintain any ownership interest. See id. at ¶ 36.

McKay alleges that he and his ex-wife purchased the Property by cash sale deed on September 28, 2006 from Raymond Dale Liles and Jerry Lynn Flowers Liles for a consideration of $800,000.00. See id. at ¶ 37. Recordation took place that same day in

Conveyance Book 3889, Page 400 under Registry No. 2059790, Records of Caddo Parish, Louisiana. See id. After their purchase, McKay and his ex-wife subdivided the Property, constructed a residence and other improvements on the Property, and moved into the residence. See id. at ¶ 38. As part of the partition on their former community property regime, McKay's ex-wife conveyed her interest in the Property to McKay by deed in the spring of 2017. See id. at ¶ 39. This conveyance was recorded on June 5, 2017. See id.

McKay claims he has resided in the residence continuously for a period exceeding ten years. See id. at ¶ 40. He argues Winans has failed to state a claim upon which relief may be granted. See id. at ¶ 42. Furthermore, McKay asserts that Winans's claims are barred by applicable statue(s) of limitations, liberative and acquisitive prescription, and/or the doctrine of laches. See id. at ¶ 43.

In 2023, McKay discovered that Winans had filed a document titled "Louisiana Quit Claim Deed" by which he declared himself an heir of Mr. Phil and conveyed the Property unto himself. See id. at ¶ 46. McKay submits that the "Louisiana Quit Claim Deed" constitutes a disturbance in law to his possession of the Property. See id. at ¶ 47. Therefore, along with dismissal of Winans's claims, McKay argues he is entitled to a judgment declaring that Winans has no ownership interest in the Property or any portion thereof. See id. at ¶ 48. Furthermore, McKay requests that the Court direct the erasure and cancellation from the Caddo Parish public records the quit claim deed and any other act of Winans that asserts a right of ownership and/or possession of any portion of the Property. See id. On April 8, 2024, Winans filed a Motion to Dismiss McKay's

counterclaim, which was denied by this Court on March 5, 2025. See Record Documents 24 & 25.

**LAW AND ANALYSIS**

**I. Summary Judgment Standard.**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2553). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus.

4

Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). There is no genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

**II. Summary of the Arguments.**

In his Motion for Summary Judgment, McKay asserts that Winans fails to set forth the prima facie case for recognition of an ownership interest in the Property or for damages against McKay on any of the grounds set forth in the Complaint. See Record Document 18-1 at 17. Even if the prima facie case were successfully set forth, McKay argues that Winans's claims are supported only by his own conclusory and unsubstantiated allegations which are contradicted by obvious facts, presenting no genuine issue of material fact for trial. See id. Thus, McKay requests his Complaint be dismissed. See id. Additionally, he contends Winans's "Louisiana Quit Claim Deed" constitutes a cloud upon the valid title of McKay and should be cancelled. See id.

Winans opposes, arguing that "[s]ummary judgment should be denied because there are still genuine issues of material fact that could affect the outcome of this action under the governing law." See Record Document 22 at 1. He contends that "McKay's evidence is so sheer that i[t] cannot persuade a reasonable fact-finder to return a verdict in his favor." See id. at 2. He submits that "[b]ecause the evidence herein raises fact questions regarding the alleged Writ of Seizure Sheriff Sale and the alleged deed conveyances from [Mr. Phil], [] McKay's evidence is insufficient and incomplete, and summary judgment should be denied." See id. at 14.

McKay replies, asserting that none of the matters which were the subject of Winans's untimely discovery requests are relevant to the issues before the Court. See Record Document 23 at 2. He reiterates that Winans has failed to show that there is any genuine issue that the requisites for establishing title by acquisitive prescription have been met by McKay. See id. at 4. He argues that Winans's belated request for admissions do not overcome summary judgment. See id. at 2–4. Thus, McKay reasserts that his Motion should be granted. See id. at 8.

### III. Analysis.

Winans asserts a petitory action against McKay. See Record Document 1 at 1. A petitory action "is one brought by a person who claims the ownership of, but who does not have the right to possess, immovable property or a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership." LA. CODE CIV. P. art. 3561. To receive a judgment recognizing Winans's ownership of immovable property or real right therein, he must:

> (1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant has been in possession for one year after having commenced possession in good faith and with just title or that the defendant has been in possession for ten years.
>
> (2) Prove a better title thereto than the defendant in all other cases.

LA. CODE CIV. P. art. 3653(A). "A just title is a juridical act, such as a sale, exchange, or donation, sufficient to transfer ownership or another real right. The act must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated." LA. CIV. CODE art. 3483.

Winans cannot succeed under paragraph one because there are no genuine issues of material fact that Winans never possessed the Property, and McKay has been in possession of the Property for over ten years. In fact, Winans has admitted that he is not currently in possession, nor has he ever been in physical possession of the Property. See Record Document 18-5 at 1–2; see also Record Document 18-6 at 19. He has not provided any evidence to prove he acquired ownership of the Property either from a previous owner or through acquisitive prescription. In McKay's affidavit, he states that his possession of the Property began in 2006 and has been continuous, uninterrupted, peaceable, public, and in good faith. See Record Document 18-3 at 2. Attached to his affidavit is a copy of the cash sale deed dated September 28, 2006, evidencing conveyance of the Property to McKay and his ex-wife. See id. at 5–7. McKay also attaches the deed conveying his ex-wife's interest in the Property to him dated June 5, 2017. See id. at 13–15. After reviewing the summary judgment record, the Court finds Winans has not put forth sufficient evidence showing that he acquired ownership of the Property either from a previous owner or through acquisitive prescription; thus, the Court will next determine whether his petitory action can succeed under paragraph two.

The Louisiana Supreme Court has held that "a plaintiff not in possession versus a defendant who is in possession is required 'to show good title against the world without regard to the title of the party in possession.'" Saline Lakeshore, L.L.C. v. Littleton, 2020-14 (La. App. 3rd Cir. 6/10/20), 298 So. 3d 894, 898 (quoting Pure Oil Co. v. Skinner, 294 So. 2d 797, 799 (La. 1974)). "Title 'good against the world' is proven by showing an unbroken chain of valid titles from the sovereign." Id. (quoting Whitley v. Texaco, Inc., 434 So. 2d 96, 102 (La. App. 5th Cir. 1982), writ denied, 435 So. 2d 445 (La. 1983)). Winans

7

has failed to show good title against the world. When asked whether there was any other document in the Caddo Parish conveyance records that evidences his ownership of the Property, he could not recall. See Record Document 18-6 at 11–12. Besides the "Louisiana Quit Claim Deed" filed by Winans, he could not remember whether there was any other document that confirms his inheritance to the Property. See id. at 12.

Winans contends that all prior conveyances of the Property are null, but he cannot provide any basis for nullity. See id. at 13–20. Moreover, when asked what evidence he has to support a finding of nullity, Winans repeatedly objected and invoked the "workplace doctrine." See id. This doctrine is not a sufficient explanation for his repeated refusal to answer questions during his deposition. Besides the "Louisiana Quit Claim Deed," in which he merely self-proclaims that he is Mr. Phil's heir and has title to the Property, Winans provides no further evidence showing an unbroken chain of title. He fails to prove better title than McKay, and his speculatory and conclusory allegations do not overcome summary judgment.

Winans fails to successfully assert a petitory action under Article 3653(A). McKay has successfully put for evidence to establish his prima facie case for a possessory action and an action to quiet title. After reviewing the summary judgment record, the Court finds there are no genuine issues of material fact that Winans has no ownership interest in the Property. Thus, all claims asserted by Winans against McKay are **DISMISSED WITH PREJUDICE**.

Additionally, under Louisiana Code of Civil Procedure Article 3659, Winans's "Louisiana Quit Claim Deed" constitutes a disturbance in law because it is an instrument that asserts a right of ownership over the disputed immovable property. See Record

8

Document 7 at ¶ 46. Thus, the Court orders the erasure and cancellation from the Conveyance Records of Caddo Parish of the "Louisiana Quit Claim Deed" from Winans to himself recorded on September 27, 2023 under Registry No. 2944885, Records of Caddo Parish, Louisiana and any other act of Winans purporting to assert a right of ownership and/or possession of the Property or any portion thereof.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that McKay's Motion for Summary Judgment (Record Document 18) is **GRANTED**. The Court finds there are no genuine issues of material fact that Winans has no ownership interest in the Property. All claims asserted by Winans against McKay are **DISMISSED WITH PREJUDICE**.

**FURTHERMORE**, the Court **ORDERS THE ERASURE AND CANCELLATION** from the Conveyance Records of Caddo Parish of the "Louisiana Quit Claim Deed" from Winans to himself recorded on September 27, 2023 under Registry No. 2944885, Records of Caddo Parish, Louisiana and any other act of Winans purporting to assert a right of ownership and/or possession of the Property or any portion thereof.

Given that the relief granted by this Memorandum Ruling is consistent with the relief request in McKay's counterclaim (Record Document 7), this Ruling disposes of his counterclaim.

A Judgment accompanying this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 13th day of March, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE